Curia, per

Evans, J.
If one man promise another to indemnify him for committing a crime, a misdemeanor, or a wilful trespass, such promise is void; but this has never been supposed to extend to cases where the alleged trespass has been committed in the prosecution of a legal right, unless the legal right be merely pretensive. Thus in the base of Davis vs. Arledge, 3 Hill, 170, the promise was to indemnify the plaintiff for levying a distress warrant on a merchant’s books of account, which was unlawful; yet as there was no wilful trespass, the promise was held good, although the act was unlawful. If a sheriff be indemnified to sell the goods of A, under a Ji.fa. against B, the indemnity would be good.
But if this was a corrupt agreement to do what both parties knew to be a trespass, then, I apprehend, the promise would be void. In such case, both parties would be equally criminal, and the law will not lend its aid to enforce a contract in favor of one who had contracted about a violation of his duty to society; and hence it is laid down in all the cases, if one knows the act to be unlawful, the promise of indemnity is void. It is said this case comes within that principle, as the presiding Judge reports “that Jameison knew it was illegal to sell.” This knowledge, I *21 understand from him, consisted in this, that some of the goods .sold were exempt from the distress warrant by the Act of 1823, 6 Stat. 214.
In referring to the case of Bagwell vs. Jameison, reported in Cheves Rep. 250, (which was defended by Calhoun,) it appears that Bagwell was assenting to the sale. Now, by the Act of 1823, certain articles of property are exempt from levy and sale, but if no one claims the exemption, I do not see why they may not be sold. It is very difficult to lay down, with precision, any iule to govern in all cases, but I am inclined to think, that in all, to avoid the obligation of indemnity, the object and design of the parties must be to commit a trespass, or to do some other unlawful act. So far as I can ascertain from the evidence, Jameison had no other design than to levy the rent due to Kinman, and if so, Calhoun’s promise of indemnity was not void, and the verdict of the jury enforcing his promise must stand. The other grounds were hardly insisted on in the argument. I do not think the questions made therein are doubtful. The motion is dismissed.
Richarbson, O’Neall, Butler and Warblaw, JJ. concurred.